**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4835**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARLAND MAYNOR,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge.  (1:17-cr-00280-RDB-1)

Submitted:  July 23, 2019                                          Decided:  August 26, 2019

Before GREGORY, Chief Judge, AGEE and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan Alan Gladstone, LAW OFFICES OF JONATHAN GLADSTONE, Annapolis, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Jeffrey Hann, Special Assistant United States Attorney, Lauren Perry, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Marland Maynor of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). Maynor appeals his 180-month sentence, which the district court imposed pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012). We affirm.

The ACCA's 15-year mandatory minimum sentence applies to defendants who violate § 922(g)(1) and have sustained at least three prior convictions for either violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The ACCA defines "serious drug offense"—in pertinent part—as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance [], for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Maynor contends that the district court erroneously determined that Maynor's 2009 Maryland conviction for distribution of cocaine qualified as a predicate offense, because Maynor was in fact convicted of simple possession of cocaine.[*]

"We review a district court's legal conclusions at sentencing de novo and its factual findings for clear error." *United States v. McDowell*, 745 F.3d 115, 120 (4th Cir. 2014). The district court relied on the presentence report in finding that Maynor's 2009 drug conviction was for distribution of cocaine; Maynor contends that the PSR erroneously

---

[*] Maynor does not contest that distribution of cocaine is a serious drug offense. *See* 18 U.S.C. § 924(e)(2)(A)(ii).

reported the conviction. "In resolving a dispute regarding the PSR, the [district] court may consider information that has sufficient indicia of reliability to support its probable accuracy. The party objecting to information in a PSR has an affirmative duty to show that the information is incorrect." *Id.* (citation and internal quotation marks omitted).

On appeal, as before the district court, Maynor does not explain why the PSR's description of his prior convictions lack sufficient indicia of reliability. Maynor argues that the fact that he ultimately received a four-year sentence—the statutory maximum for simple possession of cocaine—supports his assertion that his conviction was for simple possession. However, the fact that Maynor received a sentence that is consistent with a conviction for simple possession, and that is not inconsistent with a conviction for distribution, does not satisfy Maynor's affirmative duty to establish that the PSR incorrectly described his prior conviction. Accordingly, the district court was entitled to rely on the PSR, and the court's finding that Maynor's prior conviction was for distribution of cocaine, rather than possession, is not clearly erroneous.

We therefore affirm the district court's judgment and deny Maynor's pro se motions for issuance of a subpoena and for production of documents, as well as his motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*